NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2733
_____

COREY DONOVAN; LINDA DONOVAN

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03940)
District Judge: Honorable Gerald A. McHugh

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, Circuit Judges

(Opinion filed: February 16, 2022)

OPINION[*]

AMBRO, Circuit Judge.

Corey Donovan was seriously injured while driving his motorcycle. He collected from the driver of the other vehicle involved in the accident and from his own motorcycle insurance. But these payments did not cover his medical expenses. So Corey also tried to collect on insurance State Farm Mutual Automobile Insurance Company had issued to Linda Donovan, Corey's mother with whom he lived. State Farm denied the claim. The Donovans and State Farm dispute whether, under Pennsylvania insurance law, Linda waived inter-policy stacking for underinsured motorist coverage.

Before proceeding, some background on insurance may be helpful. Underinsured motorist coverage provides benefits "when a third-party tortfeasor injures or damages an insured and the tortfeasor lacks sufficient insurance coverage to compensate the insured in full." *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 132 n.1 (Pa. 2019). That is what happened here. "'Stacking' refers to the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." *Id.* There are two types of stacking. Intra-policy stacking is the aggregation of the coverage limits on multiple vehicles covered under a single policy—even though not all vehicles are involved in the accident or occurrence. For example, if a two-vehicle

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

policy provided $50,000 in coverage for each vehicle, intra-policy stacking would allow the insured to make a claim of up to $100,000. In contrast, inter-policy stacking is the aggregation of coverage limits for vehicles insured under separate policies. Here the dispute is about inter-policy stacking: Can Corey collect under both his motorcycle insurance and Linda's automobile insurance?

Because this dispute is one of state law, we certified three questions to the Supreme Court of Pennsylvania. Its ruling is dispositive on all issues raised on appeal, and so we will affirm the District Court's grant of summary judgment to the Donovans.

## I.

The parties agree on the relevant facts. After Corey's injuries from the motorcycle accident, he settled with the driver of the other vehicle for $25,000—the liability limit of that driver's insurance policy. Corey also made a claim for underinsured motorist benefits on a motorcycle insurance policy State Farm had issued to him. It paid Corey the $50,000 policy limit.

Corey then made another claim for underinsured motorist benefits under the automobile insurance policy Linda had from State Farm (hereinafter "the Automobile Policy"). It covered three vehicles (none of which was the motorcycle) and offered underinsured motorist benefits up to a limit of $100,000. That policy also insured Corey as a resident relative. State Farm denied his claim for benefits under the Automobile Policy, explaining that Linda had waived stacked underinsured motorist coverage. Indeed, she had signed a waiver. It recited:

> By signing this waiver, I am rejecting stacked limits of
> underinsured motorist coverage under the policy for myself

> and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

J.A. at 237. This language was (and continues to be) mandated by § 1738(d) of Pennsylvania's Motor Vehicle Financial Responsibility Law. 75 Pa. Cons. Stat. § 1738(d)(2). In practice, an insured can waive stacked coverage in exchange for a reduced premium.

Two other provisions of the Automobile Policy are relevant. First, it contained a "household-vehicle exclusion" that stated "THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*." J.A. at 391 (emphasis in original). Corey's motorcycle was not included on the declaration page of the Automobile Policy. Thus, if the household-vehicle exclusion is valid, it defeats his claim. Second, the Automobile Policy contained a "coordination-of-benefits provision" that explained:

> If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* [*i.e.*, Linda] or any *resident relative* [*i.e.*, Corey] by one or more of the *State Farm Companies* applies to the same *bodily injury*, then:
>
> a.  the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>
> b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit

4

> provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

*Id.* at 392 (emphases in original). Translated into everyday language, this means that when an insured recovers on multiple policies issued by State Farm, his maximum payment is capped at the highest applicable coverage limit. If applicable here, this provision limits Corey to recovering at most $100,000 (*i.e.*, the "single highest limit" provided by the State Farm policies) in total from his claims on the Automobile Policy and his motorcycle insurance. Since Corey already received $50,000 from the motorcycle policy, he would be limited to a payment of $50,000 from the Automobile Policy. The household-vehicle exclusion and the coordination-of-benefits provision are included in State Farm's non-stacking policies but not in its stacking policies. *Compare id.* at 388, *with id.* at 391–92.

Corey and Linda Donovan sued State Farm in the Court of Common Pleas of Philadelphia County seeking a declaration that Corey is entitled to underinsured motorist benefits under the Automobile Policy. After State Farm removed the action to federal court, the parties stipulated to the facts and cross-moved for summary judgment. The District Court granted summary judgment to the Donovans.

State Farm appealed and, at the suggestion of both parties, we certified this case to the Pennsylvania Supreme Court. It accepted the certified questions and issued a comprehensive opinion. *Donovan v. State Farm Mut. Auto. Ins. Co.*, 256 A.3d 1145 (Pa. 2021).

## II.

State Farm contends: (1) the Automobile Policy contains a valid waiver of inter-policy stacking of underinsured motorist benefits; (2) alternatively, Corey cannot recover from the Automobile Policy because the household-vehicle exclusion applies; and (3) assuming Corey can recover from the Automobile Policy, it is limited to $50,000 per the coordination-of-benefits provision. The Donovans respond: (1) any inter-policy stacking waiver is invalid, (2) the household-vehicle exclusion cannot function as a *de facto* waiver of stacked coverage, and (3) the lack of a valid waiver renders the coordination-of-benefits provision inapplicable.

> We certified the following three questions to the Pennsylvania Supreme Court:
>
> 1. Is a named insured's signing of the waiver form set out at 75 Pa. Cons. Stat. § 1738(d) sufficient to waive inter-policy stacking of underinsured motorist benefits under Pennsylvania's Motor Vehicle Financial Responsibility Law, where the policy insures more than one vehicle at the time the form is signed?
>
> 2. If the answer to Question 1 is no, is a household[-]vehicle exclusion contained in a policy in which the named insured did not validly waive inter-policy stacking enforceable to bar a claim made by a resident relative who is injured while occupying a vehicle owned by him and not insured under the policy under which the claim is made?
>
> 3. If the answers to Questions 1 and 2 are no, is the coordination-of-benefits provision in the Automobile Policy nonetheless applicable, such that it limits Corey Donovan's recovery of underinsured motorist benefits under the policy to $50,000, or does the lack of a valid waiver of inter-policy stacking render that provision inapplicable?

Pet. for Certification at 12–13.

On the first question, the Pennsylvania Supreme Court held no. It explained that the § 1738(d) waiver provision's use of the singular in the phrase "under the policy" means that the waiver is limited to intra-policy stacking in multiple-vehicle policies, such

as the Automobile Policy. *Donovan*, 256 A.3d at 1157; *see also Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530, 542 n.18 (Pa. 2006). In short, the plain language of the waiver appears, at least in the context of multiple-vehicle plans, to disclaim only stacking the coverage of the vehicles covered "under the policy." *See* 75 Pa. Cons. Stat. § 1738(d). Since the waiver does not mention other policies, it does not provide notice to insureds that they are also waiving inter-policy stacking.[1]

On the second question, the Court again held in the negative. It concluded that the household-vehicle exclusion is unenforceable here because, when there is no valid § 1738(d) inter-policy stacking waiver, another contract provision cannot function as a *de facto* waiver. *Donovan*, 256 A.3d at 1160 (citing *Gallagher,* 201 A.2d 131 (holding that the household-vehicle exclusion was unenforceable when there was no waiver of inter-policy stacking)). And finally on the third question, the Court held the coordination-of-benefits provision was not a partial waiver of inter-policy stacking for the same reasons. *Id.* at 1162.

As a Court sitting in diversity, we must follow Pennsylvania substantive law as interpreted by its Supreme Court. *Crystallex Int'l Corp. v. Petróleos de Venez., S.A.*, 879 F.3d 79, 84 (3d Cir. 2018). This means if that Court has addressed a substantive legal question of state law, we apply its holding. Here, the opinion it issued to answer our certified questions governs. The Automobile Policy did not contain a valid waiver of inter-policy stacking. And neither the household-vehicle exclusion nor the coordination-

---

[1] The analysis is different for single-vehicle plans. In that context, stacking must refer to inter-policy stacking "because there [can] be no intra-policy stacking with only one vehicle on 'the policy.'" *Craley*, 895 A.2d at 542.

7

of-benefits provision can function as a *de facto* waiver of inter-policy stacking for underinsured motorist coverage.  Accordingly, Corey is entitled to a payment up to the Automotive Policy's coverage limit of $100,000.

*    *    *    *    *

We thus affirm the judgment of the District Court.